

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB -4 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

GEORGE HOLMES                                                                 PLAINTIFF

vs.                                                    CASE NO.: 5:16-cv-13 KS-MTP

D&H HOSPITALITY, INC.,
K&D HOSPITALITY, INC., and,
KUNAL PANCHAL, Individually                                       DEFENDANTS

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

Plaintiff, GEORGE HOLMES ("Plaintiff"), is an employee of Defendants, D&H

HOSPITALITY, INC. (hereinafter "D&H"); K&D HOSPITALITY, INC. (hereinafter "K&D");

and KUNAL PANCHAL, Individually (hereinafter "PANCHAL"), hereinafter collectively

referred to as "Defendants" and brings this action for unpaid minimum wage compensation,

unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the

Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF LAWSUIT

1.      The FLSA was passed by Congress in 1938.  The principal Congressional purpose

in enacting the FLSA was to protect all covered workers from substandard wages and oppressive

working hours, labor conditions that are detrimental to maintenance of minimum standards of

living necessary for health, efficiency, and general well-being of workers. *Barrentine v.*

*Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The

liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to

pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

living necessary for health, efficiency, and general well-being of workers and to the free flow of

commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This is an action by the Plaintiff against his former employer for unpaid minimum wage compensation, unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  Plaintiff seeks liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3.      Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6.      Venue is proper in this Court because Plaintiff worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, and because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within the District.

7.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8.      Plaintiff, George Holmes, was a Front Desk Attendant/Receptionist and performed related activities for Defendants in, among others, Pike County, Mississippi.

9.      Defendant, D&H Hospitality, Inc. is a company that operates and conducts business in, among others, Pike County, Mississippi.

10.     Defendant, K&D Hospitality, Inc. is a company that operates and conducts business in, among others, Pike County, Mississippi.

11.     Defendant, Kunal Panchal, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Pike County, Mississippi.

12.     At all times relevant to this action, Kunal Panchal, is an individual resident of the State of Mississippi, who owns and operates D&H Hospitality, Inc. and K&D Hospitality, Inc., and who regularly exercised the authority to: (a) hire and fire employees of D&H Hospitality, Inc. and K&D Hospitality, Inc.; (b) determine the work schedules for the employees of D&H Hospitality, Inc. and K&D Hospitality, Inc.; and (c) control the finances and operations of D&H Hospitality, Inc. and K&D Hospitality, Inc.; and, by virtue of having regularly exercised that authority on behalf of D&H Hospitality, Inc. and K&D Hospitality, Inc., Kunal Panchal is an employer as defined by 29 U.S.C. §201, *et seq.*

13.     At all material times hereto, Defendants were "joint employers" of Plaintiff within the meaning of the FLSA.

14.     At all material times hereto, Defendants operated and continues to operate as a "joint enterprise" within the meaning of the FLSA.

15.     At all material times hereto, Defendants operated and continues to operate as an "integrated enterprise" within the meaning of the FLSA.

16.     At all material times hereto, Defendants jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

## COVERAGE

17.     At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

18.     At all material times hereto, Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

19.     At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

20.     At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

21.     At all material times hereto, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

22.     Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

23.     At all material times hereto, Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

24.     At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

        a.     Operated instrumentalities of commerce;

        b.     Transported goods in commerce;

        c.     Used channels of commerce;

        d.     Communicated across state lines; and/or

        e.     Performed work essential to any of the preceding activities.

25.     At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

26.     At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to compensate Plaintiff at least the federal minimum wage in given work week and to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a work week.

27.     Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

28.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

29.     Defendants own and operate a hotel business under the moniker "Super 8" which is located at 334 Dunn Ratcliff, Brookhaven, Mississippi 39601

30.     Plaintiff was employed by Defendants and worked as a Front Desk Attendant/Receptionist for Defendants from approximately June 1, 2012 to Present.

31.     Plaintiff's job required him to engage in interstate commerce as his job duties required him to routinely interact with interstate clientele, in-person and via telephone.  Plaintiff also accepted customers' payments on behalf of Defendants by credit card.

32.     Defendants purported to hire Plaintiff as a FLSA exempt salaried employee and initially paid him $646.00 bi-weekly ($323.00 per week), then $553.00 bi-weekly ($276.50 per week).

33.     Plaintiff worked over forty (40) hours in one week for one or more weeks while employed by Defendants within the past three (3) years.

34.     Plaintiff specifically alleges that he worked between forty-five (45) to seventy-four (74) hours per week during his employ with Defendants.

35.     In addition to documented overtime hours, Plaintiff also maintains that he was required to perform pre-shift, post-shift work and attend company meetings off of the clock. Plaintiff did not receive any compensation for his off the clock work related activities.

36.     Upon information and belief, Defendants also routinely made impermissible deductions from Plaintiff's bi-weekly compensation.

37.     Plaintiff's performance of off the clock work without compensation and Defendants' deductions had the combined effect of diminishing Plaintiff's compensation below the federal statutory minimum wage.

38.     Defendants' pay policies and practices as related to Plaintiff are illegal in that Defendants' failed to compensate Plaintiff at a rate of at least $455.00 per week in accordance with 29 U.S.C. § 13(a)(1) and 29 CFR Part 541, *et al.*

39.     Defendants' pay policies and practices as related to Plaintiff are illegal in that Plaintiff's actual job duties do not qualify for any exemption as prescribed in 29 U.S.C. § 13(a)(1).

40.     Defendants' pay policies and practices as related to Plaintiff are illegal in that Defendants' illegal deductions from Plaintiff's pay prevent Defendants from to claiming a salary exemption. *See* 29 CFR Part 541.603.

41.     Defendants' pay policies and practices as related to Plaintiff are illegal in that Plaintiff was not paid the full federal minimum wage for all hours worked during one or more workweeks.

42.     Defendants' pay policies and practices as related to Plaintiff are illegal in that Plaintiff was not paid time and one-half compensation for all of the overtime hours he worked during one or more workweeks.

43.     At all relevant times, Defendants implemented and maintained a pay scheme in violation of the FLSA in that they failed to ensure that Plaintiff was being paid the requisite minimum wage for all hours worked, they failed to compensate Plaintiff anything for hours worked over forty (40) in a given week and they failed to record and maintain Plaintiff's actual work hours. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

44.     Upon information and belief, the records — to the extent such records exist — concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

45.     The burden of proof regarding the precise number of hours worked by Plaintiff belongs to Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGES AGAINST ALL DEFENDANTS

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45 above.

47.     Plaintiff is entitled to be paid at least the minimum wage for all hours worked in a given workweek with Defendants.

48.     Plaintiff's regular rate of pay fell well below the federal minimum wage during his employ with Defendants as a result of being required to perform off the clock work and Defendants practice of making illegal deductions from Plaintiff's gross compensation.

49.     Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

50.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

51.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

52.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above.

53.     Plaintiff is entitled to be paid at least time and one half his regular rate of pay for all hours worked over forty (40) hours within a workweek during his employment with Defendants.

54.     Plaintiff demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for the same.

55.     As a result of Defendants' actions in this regard, Plaintiff has not been paid the correct overtime wage for each hour worked during one or more weeks of employment with Defendants.

56.     Specifically, Defendants only paid Plaintiff flat salary, regardless of the total number of hours worked in a given day, which resulted in Defendants' failure to properly compensate Plaintiff at a rate of time and a half for all hours worked over forty (40) hours in a workweek (overtime hours).

57.     Plaintiff has made several complaints about not being paid overtime at a rate of time and one half; however, Defendants failed and/or refused to rectify the matter with Plaintiff.

58.     Defendants willfully failed to pay Plaintiff correct overtime wages for one or more weeks of work contrary to 29 U.S.C. § 206.

59.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of overtime wages for one or more weeks of work with Defendants.

60.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court

determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT III - DECLARATORY RELIEF AGAINST ALL DEFENDANTS

61.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-60 above.

62.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

63.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

64.     Plaintiff may obtain declaratory relief.

65.     Defendants jointly employed Plaintiff.

66.     Defendant, Kunal Panchal, is an individual employer as defined by 29 U.S.C. § 201, et seq.

67.     Plaintiff was individually covered by the FLSA.

68.     Defendants failed to properly pay Plaintiff for all the hours worked.

69.     Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

70.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

71.     Defendants did not rely on a good faith defense.

72.     Plaintiff is entitled to an equal amount of liquidated damages.

73.     It is in the public interest to have these declarations of rights recorded.

74.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

75.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

76.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.     Awarding Plaintiff minimum wage compensation in the amount due to him for hours worked without receiving the equivalent of minimum wage.

b.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

c.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

d.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.     Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.     Awarding Plaintiff pre-judgment interest; and

g.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this 3rd day of February, 2016.

Respectfully submitted,

GEORGE HOLMES, PLAINTIFF

CHRISTOPHER ESPY, ESQ.

11

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39236-3722
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**